UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAVONNE RODGERS AND WESLEY RODGERS,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DOORDASH, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant. | Case No. 23-5564<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227,** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

## I. NATURE OF THE ACTION

1.　On numerous occasions throughout the four years preceding the filing date of this action, Doordash, Inc., acting directly and/or through its agent(s), called Washington residents LaVonne Rodgers and Wesley Rodgers' personal cellular telephone using an autodialer and/or an artificial or prerecorded voice to deliver messages related to Defendant's business activities.

2.　The Plaintiffs, Mr. and Mrs. Rodgers, were not Doordash customers, delivery persons, or participating food-service businesspersons prior to receiving the calls at issue in this Complaint. The Plaintiffs did not provide prior express consent to receive any calls from Doordash or its agents before they were targeted with these calls. Plaintiffs in fact requested Doordash to put their mobile telephone number on a do-not-call list and cease all calling directed to their number multiple times, which Defendant failed to do.

3.　Plaintiffs bring this action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

//

COMPLAINT - 1

## II. PARTIES

4.     Plaintiffs LaVonne Rodgers and Wesley Rodgers, a married couple, reside in Longview, Washington, within this judicial district. At all relevant times, Plaintiff LaVonne Rodgers was the subscriber and Plaintiff Wesley Rodgers was an authorized user for the mobile telephone number ending in the digits -4378 cited in this Complaint.

5.     Defendant Doordash, Inc. is a Delaware corporation with headquarters at 303 2nd Street, South Tower, Suite 800, San Francisco, CA, 94107. Defendant conducts business regularly in the state of Washington and within this judicial district. The allegations in this Complaint as to acts and omissions by Defendant Doordash, Inc. shall be construed as allegations against the Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors.

## III. VENUE AND JURISDUCTION

6.     This Court has original jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

7.     This Court has personal jurisdiction over Doordash, Inc. because it regularly conducts business within this judicial district and because Defendant directed the calls that are the subject of this action to a mobile telephone owned by Plaintiffs, who reside in Washington.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## IV. FACTUAL ALLEGATIONS

**A.     Defendant Made Non-Emergency Calls to Plaintiffs Without Their Prior Express Consent.**

9.     Plaintiffs' telephone number, (XXX) XXX-4378, is assigned to a cellular telephone service. Plaintiffs first acquired this cellular phone number prior to June 2019 and have continuously had the exclusive ownership and use of this telephone number at all relevant times.

10. On numerous occasions, including many occasions when Plaintiffs were in the state of Washington, Doordash, Inc. placed prerecorded calls to Plaintiffs' cellular phone without Plaintiffs' prior express consent.

11. For example, Plaintiffs received a call that indicated it was sent by Doordash, Inc. and that included a prerecorded or artificial voice message from the telephone number (415) 980-3367 at 3:30 p.m. on June 24, 2023; the message stated words to the effect of "We are calling because it shows that your store tablet is off and you will not be able to receive any orders for the rest of the day. If your store is opened please press 1, if your store is closed please press 2...." Plaintiffs received additional prerecorded or artificial voice messages in calls from Doordash, Inc. from the telephone number (650) 450-4940 on March 3, 2022 at 1:15 p.m. and on March 4, 2022 at 8:13 a.m., and other dates and times including, without limitation, the following:

| **Date and time** | **Phone number of origin** | **Description of call** |
|---|---|---|
| 4/6/2022 (3:42 p.m.) | (650) 450-4940 | Prerecorded message |
| 4/6/2022 (3:45 p.m.) | (650) 450-4940 | Prerecorded message |
| 4/6/2022 (3:47 p.m.) | (650) 450-4940 | Prerecorded message |
| 4/6/2022 (3:49 p.m.) | (650) 450-4940 | Prerecorded message |
| 4/7/2022 (7:22 a.m.) | (650) 450-4940 | Prerecorded message |
| 4/11/2022 (11:11 a.m.) | (650) 450-4940 | Prerecorded message |
| 4/12/2022 (8:21 a.m.) | (650) 450-4940 | Prerecorded message |
| 4/14/2022 (6:58 a.m.) | (650) 450-4940 | Prerecorded message |
| 4/14/2022 (6:59 a.m.) | (650) 450-4940 | Prerecorded message |
| 5/25/2022 (2:16 p.m.) | (201) 780-6100 | Prerecorded message |

12. Plaintiffs were never Doordash, Inc. customers, delivery persons, or participating food service businesspersons prior to receiving the calls at issue in this action. Plaintiffs did not expressly consent to receiving autodialed or artificial or prerecorded messages from Doordash, Inc. before they were dialed.

13. The calls Plaintiffs received as summarized above included prerecorded messages identifying the caller as Doordash. Many of the messages included words to the effect of "if the order is ready, press 1; if the store is open, press 2; if the store is closed, press 3; if you feel like this call was received in error...."

COMPLAINT - 3

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

14. On information and belief, the prerecorded voice message calls Plaintiffs received listed above in Paragraph 11 were placed by or on behalf of Defendant, Doordash, Inc.

15. The content of the calls that Plaintiffs received demonstrates that the calls were not made for an emergency purpose.

16. Doordash, Inc. has been sued for calling behavior similar to the behavior described in this complaint, specifically for sending telephone calls using an artificial or prerecorded voice and/or an autodialer without the prior express consent of the called party, in violation of the TCPA.

17. Doordash, Inc. is aware of the TCPA's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Defendant therefore knowingly or willfully caused calls to be made to Plaintiffs' cellular phone without first obtaining their express consent as required by law.

18. Plaintiffs have received numerous telephone calls from Doordash, Inc. in the four years prior to the filing date of this Complaint that deliver a similar artificial or prerecorded message and/or use an auto-dialer to initiate the call. In light of the excessive volume of calls they have received, Plaintiffs must use Defendant Doordash, Inc.'s dialing records to verify the full extent of unlawful telephone calls Defendant has placed to Plaintiffs. During the times relevant to this Complaint, Plaintiffs estimate that they received hundreds of calls from Doordash, Inc. including artificial or prerecorded voice messages, many of which are reflected in voicemail messages.

19. Because Plaintiffs had received so many prerecorded calls from Doordash, on July 13, 2021, Plaintiff Wesley Rodgers communicated a do-not-call request concerning Plaintiffs' cellular telephone number to Doordash, Inc. at Defendant's telephone number, (855) 973-1040. Defendant acknowledged this request and assured Mr. Rodgers that he would stop receiving calls. Plaintiff received a case number of 217953871. Plaintiff Wesley Rodgers again called

Doordash on September 19, 2021 to ask why he was still getting unwanted calls. Again Defendant assured Mr. Rodgers that its employees were aware of his do-not-call request. Plaintiff Wesley Rodgers once again called Doordash, Inc. on June 20, 2023 to request that Plaintiffs' telephone number be placed on Defendants' do-not-call list. Doordash's employee told Plaintiff that there was no record of Plaintiffs' telephone number being associated with any Doordash participant other than a business called Salad Works in Jersey City, NJ. Defendant's employee later sent an e-mailed confirmation to Mr. Rodgers reflecting that this communication was recorded under case number 472672900. Once again Defendant dialed Plaintiffs on June 24, 2023 and delivered a prerecorded message. Mr. and Mrs. Rodgers have no connection to Salad Works aside from receiving Doordash, Inc.'s telephone calls. At all times relevant to this Complaint, Plaintiffs did not withdraw their do-not-call requests nor did Plaintiffs establish a business relationship with Doordash, Inc. or consent to be dialed by Doordash, Inc.

**B.    Defendant Dialed Plaintiffs Using an ATDS and/or an Artificial or Pre-recorded Voice.**

20.    On information and belief, each time that Doordash, Inc. called Plaintiffs' cellular phone as alleged in this Complaint, Defendant called Plaintiffs using an automated telephone dialing system (an ATDS). During each of the calls initiated by Doordash identified in this Complaint, Plaintiffs either received a voicemail including a prerecorded menu of options to press, or interacted with an artificial or prerecorded voice system, which is characteristic of a call placed by an ATDS.

21.    Each time that Doordash, Inc. called Plaintiffs' cellular telephone as alleged in this Complaint, Doordash, Inc. called Plaintiffs using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the call and the prerecorded menu of options to press.

22.    Doordash, Inc. operates a service that connects restaurants with delivery persons who bring food orders to paying customers. Defendant reports that it has over thirty-two million

monthly active users.[1] The scale of Doordash, Inc.'s business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

C.   **Defendant's Violations of the TCPA Injured Plaintiffs**.

23.   During the relevant period, Plaintiff Wesley Rodgers has carried Plaintiffs' cellular telephone with him at most times so that he can be available to family, friends, and his work contacts.

24.   Defendant's calls invaded Plaintiffs' privacy and intruded upon their right to seclusion. The calls frustrated and upset Plaintiffs by interrupting their daily life and wasting their time. The vast volume of prerecorded calls created an excessive number of voicemail messages that occupied limited space on Plaintiffs' cellular telephone.

27.   Defendant's calls intruded upon and occupied the capacity of Plaintiffs' cellular phone and depleted its battery. The calls temporarily seized and trespassed upon Plaintiffs' use of their cellular phone, and caused Plaintiffs to divert attention away from other activities to address the calls.

## V. CLAIMS

### I.  FIRST CLAIM FOR RELIEF

**Negligent Violation of the Telephone Consumer Protection Act**

**47 U.S.C. § 227,** *et seq*.

28.   Plaintiffs incorporate the above allegations by reference.

29.   Doordash, Inc. used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the Plaintiffs' cellular telephone without their prior express consent. Plaintiffs will prove the amount of unlawful calls, and violations of the TCPA, using Defendant's dialing records.

---

[1] https://www.sec.gov/ix?doc=/Archives/edgar/data/1792789/000162828023005131/dash-20221231.htm#i0e5d2a56595749e0bdb940813f47f240_16 (SEC form 10-K for Doordash, Inc. for the year December 31, 2022) (last viewed June 14, 2023).

COMPLAINT - 6

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

30.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

31.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

32.     Plaintiffs are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## II.  SECOND CLAIM FOR RELIEF

**Knowing or Willful Violation of the Telephone Consumer Protection Act**

**47 U.S.C. § 227,** *et seq.*

33.     Plaintiffs incorporate the above allegations by reference.

34.     Doordash, Inc. used an automatic telephone dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the Plaintiffs' cellular telephone without their prior express consent. Plaintiffs will prove the amount of unlawful calls, and violations of the TCPA, using Defendant's dialing records.

35.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

36.     Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the TCPA.

## III.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Find Defendant liable for violations of the TCPA as alleged above;

COMPLAINT - 7

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

B. Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) or (c)(5) of the TCPA;

C. Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) or (c)(5) of the TCPA;

D. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

E. Grant such further relief as the Court deems proper.

### IV. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Respectfully signed and dated June 26, 2023.

SMITH & DIETRICH LAW OFFICES PLLC

/s/ Walter M. Smith
Walter M. Smith (WSBA No. 46695)
walter@smithdietrich.com
Steve E. Dietrich (WSBA No. 21897)
steved@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Phone: (360) 915-6952
*Attorneys for Plaintiffs LaVonne and Wesley Rodgers*